509-15

NO. 14-09-00292-CR

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

CHRISTOPHER RAY BARTEN
Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS
Respondant

APPELLANTS PITITION FOR DISCRETIONARY REVIEW

IN APPEAL NO. 14-09-00292-CR
FROM THE COURT OF APPEALS
OF THE STATE OF TEXAS
14th SUPREME JUDICIAL DISTRICT
AT HOUSTON, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

CHRISTOPHER RAY BARTEN
TDCJ # 1570691
MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY, TEXAS
75886

# PARTIES

## APPELLANT:

christopher Ray Barten
TDCJ# 1570691
2664 FM 2054
Tennessee colony, Texas
75886

## COUNSEL OF DEFENSE:

Patrick Ruzzo
Attorney at Law
1900 N. Loop West
Suite 500
Houston Texas 77018

## TRIAL PROSECUTOR:

Ann Lee mosely
Assistant District Attorney
Harris County, Texas
1201 Franklin
Houston, Texas 77002

## APPELLATE COUNSEL:

Bob Wicoff
Attorney at Law
5925 Kirby Drive
Suite E, Box 526
Houston, Texas 77005

## TRIAL JUDGE:

Honorable mary Lou keel
232nd District Court
Harris County, Texas
1201 Franklin, 16th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

INDEX OF AUTHORITIES _____ i _____

STATEMENT FOR ORAL ARGUMENT _____ iii _____

STATEMENT OF THE CASE _____ iii _____

STATEMENT OF PROCEDURAL HISTORY _____ iii _____

GROUND FOR REVIEW . _____ iii _____

Ground One (1)

The Appellate argues that the court of Appeals erred in their decision to accept and rule on a frivolous and deficient appeal brief by appellate counsel who raised a claim of Ineffective Assistance of counsel based on the one (1) sole error of an untimely objection that was not preserved at trial for appellate review.

ARGUMENT _____ 1. _____

PRAYER FOR RELIEF _____ 10. _____

APPENDIX _attached 1-4_
 (fourteenth court of Appeals opinion)

# INDEX OF AUTHORITIES

CASE:                                                    PAGE:

Azbill v. Dallas City C.P.S.,
   860 SW 2d 133 _____  5

Burger v. Kemp,
   183 U.S. 776 (1987) _____  9

Clark v. State,
   270 S.W. 3d 573 (Tex. Crim App. 2008) _ 1

Ex parte Daigle,
   848 S.W. 2d _____  9

Epps v. State,
   809 S.W. 2d 770 (Tex. App. - Houston 1991) _ 9

Evitts v. Lucey,
   105 S. Ct. 830 (1985) _____  9

Dykes v. State,
   329 SW 2d 135 _____  8

Gass v. State,
   785 S.W. 2d 838 _____  2

Griggs v. State,
   213 S.W. 3d 923 (Tex. Crim. App. 2007) ___ 2

Howell v. State,
   149 SW 3d 686 (Tex Crim App. 2004) _____ 7

McGowen v. State,
   604 S.W. 2d 355 _____  2

Rogers v. State,
   38 S.W. 3d 725 (Tex Crim App. 2001) ____ 7

CASE:                                                           PAGE:

Scheannette v. State,
  144 SW 3d 503 (Tex. Crim. App. 2004) _____  10

Stewart v. USA Custom Paint,
  870 SW 2d 18 (1994)      _____      5

Trim v. Daniels,
  862 SW 2d 8            _____        5

U.S. v. Gover,
  447 F 2d 187          _____         4

U.S. v. Stevens,
  38 F 3d 167           _____         7

Wingo v. State,
  143 SW 3d 178         _____         7

Young v. State,
  137 SW 3d 65 (2004) . _____         3

STATUTES:

TEX. CODE Crim. Proc. Art. 28.10(b)          6
TEX. CODE Crim. Proc. Art. 28.11             5,6
TEX. CODE Crim Proc. Art. 36.27              7

TEX R. APP. PROC. Rule 33.1 and 33.1(a)      1,4
TEX. R. APP. PROC. Rule 38.9 and 38.9(a),(b) 2-4,10
TEX. R. APP. PROC. Rule 66.3(F)              4

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant requests oral argument in this matter because such argument may assist the court in applying the facts to the issue(s) raised. It is suggested that oral argument may help simplify the facts and clarify the issue(s).

## STATEMENT OF THE CASE

Appellant was indicted and charged with Sexual Assault of a child age 14-17. Appellant plead not guilty on March 31, 2009, (RR. vol. III p.5) trial was held. The jury found Appellant guilty as charged on April 1, 2009. (R.R IV p. 3) on the same day the court sentenced him to Life in prison. It was on that day that the Appellant filed a notice of appeal.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals gave their opinion and affirmed conviction on July 15, 2010.

No motion for Rehearing was filed at any time by the Appellant or his counsel in Cause #1111900.

## GROUND FOR REVIEW

The Appellant argues that the Court of Appeals erred in their decision to accept and rule on a frivolous and deficient appeal brief by appellate counsel who raised

iii

a claim of Ineffective Assistance of counsel based on the one (1) sole error of an untimely objection that was not preserved at trial for appellate court review.

## ARGUMENT

The Appellant argues that the court of Appeals erred in their decision(s) to accept and rule on a frivolous and deficient brief that was submitted by his court appointed appellate counsel. The appellate counsel raised an issue of Ineffective Assistance of Counsel based on one (1) sole error of an untimely objection. This argument is supported in two (2) parts.

1. In order for an objection to be an error in a claim of ineffective assistance of counsel it must be preserved at trial for an appellate review later and it must be specific of it's grounds and it must include the type of relief sought by counsel. Texas Rules of Appellate Procedure Rule 33.1(a), Clark v. State 270 S.W. 3d 573, 580 (Tex Crim. App. 2008). Rule 33.1 and 33.1(a) require that an objection be made timely and stating the grounds therefore in compliance with Texas Rules of Evidence. The Appellants record shows the following;

STATE: Do you believe that your sister was

sexually assaulted?

BROTHER: Yes

STATE: Pass the witness

DEFENSE COUNSEL: Your Honor, I object to the question and response. Improper.

COURT: Its an untimely objection.

R.R vol. III p. 105

The one (1) sole issue that was raised in appellate counsel's brief was ruled as "untimely" by the trial court therefore, the objection is not preserved for appellate review. It is a non-reviewable error at this point. R.33.1 of Tex. R. App. Proc. See Goss v. State 785 SW-2d 838, Justice Brookshire states "In the State of this record we deem that there is nothing for appellate review; an objection must be timely made and the objection must state with specificity the grounds upon which the objection rests. A general objection is equivalent to no objection at all." McGowen v. state 604 sw 2d 355; Griggs v. state 213 S.w.3d 923, 927 (Tex. Crim. App. 2007) Rule 38.9 of Texas Rules of Appellate Procedure states that briefs are meant to acquant the court with the issues in a case and to present argument that will enable the court to decide the case. The issue that is presented in the counsel's brief is absent of a reviewable error and this invalidates the argument used to support the

2.

waived error and that makes the brief absent a complete and presentable valid claim of ineffective assistance of counsel. The brief fails to enable the court of Appeals to decide the case of whether the trial counsel was ineffective or not. The error that is presented is not preserved and because it is the one and only error and argument presented in the brief, the error and brief should not have been entertained.

For illustration purpose's lets say the counsel brought a lamp without a good light bulb to the court and told them the lamp is broken and asks the court to agree. In order for the court to make such a decision, they first would need to try and turn it on but without a good bulb it is absolutely impossible to decide in fact if the lamp is broken or not. The lamp is missing a deciding component and to decide that it is in fact broken would be incorrect and without merit. The only logical and reasonable thing for the court to do at this point would be to give the lamp back to the counsel and tell him to add a good bulb to it and then bring it back so they could then attempt to turn it on and decide if it is broken or not. The brief also is without a deciding component and the court of Appeals erred erred by not practicing or complying with Rule 38.9, 38.9(a),(b).

Also, according to Young v. State 137 sw. 3d 65, 70

3.

there is an exception to Rule 33.1 of Tex. R. App. Proc. which is "if an objectionable event occurs before a party could have reasonably foreseen it; the omission of an objection will not prevent an appellate review." In Applicant's case the objection did not come until after the state had "Passed the witness" R.R. Vol. III p. 105, and so the "exception to the rule" does not apply here.

2. Is it standard and constitutionally correct for the Court of Appeals to accept a brief that is absent even just one (1) valid error for review? Is it not a requisite that an experienced attorney present a brief that has atleast one (1) non-frivolous issue with a valid good faith argument? The brief that the court of Appeals accepted is a frivolous and deficient brief and fails to satisfy and comply with Rule 38.9 of Tex. R. App. Proc. and satisfies Rule 66.3(f)

The Appellant was denied his Constitutional Right of "Due Process" that guarantees a fair and impartial trial or court proceeding. See U.S. v. Gover 447 F.2d 187; "Due Process" requires that the judge conduct a fair and impartial trial (court proceeding) avoiding to be partial to state prosecution. In Appellant's case not only at trial but also at appellate court it certainly appears that he was prejudiced against throughout the appeal process starting with the court appointed

4.

representation.

Had appellate counsel sufficiently examined the record(s) at trial, he would have seen the void and invalid "order" for motion for Leave to Amend indictment. See C.R. p. 105, 106, the "order" is completely captionless for it is absent a cause number, no names of any party, it lacks all specifics of what it is attempting to effect nor does it indicate whether it is granted or denied. See Stewart v. U.S.A. Custom Paint, 870 S.W. 2d 18, 20, they conclude that an order unintellegible on its face is a nullity with no legal force or effect. Azbill v. Dallas City C.P.S., 860 S.W. 2d 133, 136, they state; "Before a document incorporates a second document, the second document must unmistakably make the first document part of the second document." A mere reference to the first document is not an incorporation. Trim v. Daniels, 862 S.W. 2d 8 . Had appellate counsel seen the void "captionless order" he most likely would have went to the R.R. Vol. III to see if the prosecutor asked the trial judge for leave to amend the indictment under its direction as required as a statute under article 28.11 of Texas Code of Criminal Procedure; All amendments of an indictment or information shall be made with leave of the court and under its direction. Nowhere in clerk records or reporter records is there

5.

any evidence showing that the trial court judge gave leave of the court or any instruction or under its direction to amend the indictment against the Appellant. The prosecutor simply relied on the void and invalid "order" failing to comply with article 28.11 and 28.10(h). Had appellate counsel raised this non-frivolous major error for supporting the ineffective assistance claim the outcome of the direct appeal would have been different. This is a plain error made by trial counsel for not objecting to the void order nor objecting to the invalid amended "on or about" date used by the prosecution at trial resulting in violation of Appellant's right of "Due Process" to a fair and impartial trial, and it is a near fatal injury for Appellate counsel not raising this error.

Upon further examination of trial records by appellate counsel, he would have noticed that the three (3) questions and two (2) answers between the jury and judge during deliberation were not brought into open court nor were they put into reporter records. See C.R. 113-116 and R.R. Vol. III, IV. The Appellant and his counsel were denied the opportunity to object or respond to the questions and answere's between the jury and judge. This also is a violation of Appellant's guaranteed right to a fair and impartial trial and in

6.

direct violation of Article 36.27 of the Texas Code of Criminal Procedure. In Appellant's case the jurors were requesting certain evidence and testimony and also in disagreement as to why the evidence was denied them. They needed further supplemental instruction and were denied a clear answere to their questions. "When deliberating jury expresses confusion and difficulty over issues submitted to it, trial courts task is to clear that confusion away with concrete accuracy." U.S. v. Stevens, 38 F 3d 167 ; Howell v. State, 149 S.W. 3d 686 (2004) ; Wingo v. State, 143 S.W. 3d 178 . In Rogers v. State 38 S.W. 3d 725 (Tex. Crim. App. 2001) it states, "The record does not reflect that the answere was read to the jury in open court as is clearly required by statute, nor does it reflect that the answere was submitted to counsel for review before giving the answere to the jury. The statute also requires that any such proceeding be recorded and made part of the record. That has not occured." As in Rogers, the record of Appellants trial is completely absent of any such proceeding being brought into open court and put on record and there is no showing of Appellant or counsel being given opportunity to object or respond. Villarreal v. State, 205 S.W. 3d 106 . This is a court procedural error that should have been seen and

had the appellate counsel raised this issue in his appeal brief the outcome would have been an acquittal or new trial.

The third issue that the appellate counsel could have and should have raised in his brief had he truly examined the trial records to even initiate any type of effective assistance for appeal is the prosecutorial misconduct when the prosecutor made an un-warranted, un-supported and un-corrected testimonial comment as evidence and character accusation that is not supported by the complainant or any other evidence at trial. See R.R. Vol. III p. 7, 31; in prosecutors opening statement she stated "You will hear her testify that when he was done he laughed. She left and went to Paulette's." P. 31; "Did he ever laugh at you?" The complainants answere "I dont remember." The prosecutor cannot make un warranted comment or accusation's in his/her zeal to represent the state. In Dykes v. State 329 sw. 2d 135; the court ordered the conviction reversed. In Appellants case you will find in his writ cause #1111900-c that the state found in their finding of facts, they too acknowledge the meritorious issue had appellate counsel raised prosecutorial misconduct in his appeal brief.

8.

The results of prosecutorial misconduct raised on appeal would have been an acquittal or new trial.

The Appellant raised two of the three issues against appellate counsel in Cause #1111900-B and all three issues in Cause #1111900-C and was denied and dismissed for unknown reasons.

Had the appellate counsel raised just one non-frivolous meritorious issues such as the three shown above, the counsel on appeal would not be ineffective in his representation. See Evitts v. Lucey, 105 S.ct. 830 where they speak of the constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution. Also Epps v. State, 809 s.w. 2d 770, 772, 773 (Tex. App. Houston 1991).

The Appellant has proven a frivolous and deficient brief. When an appeal counsel fails to raise a non-frivolous meritorious issue on direct appeal, it is ineffective assistance of counsel. Ex parte Daigle, 848 s.w. 2d 691; Burger v. Kemp, 183 u.s. 776, 784, there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.

The Appellant has argued strongly why he should be granted a review if not an acquittal. The Court of Appeals deprived the Appellant of his right to a meaningful

9.

appeal process when they accepted rather than refused such an obvious deficient brief violating or not complying with Rule 38.9 of Tex. R. App. Proc. In arguing his ground the Appellant has also proven the two prongs of the Strickland test. scheanette v. state, 144 s.w. 3d 503, 509 (Tex. crim. App. 2004).

The Appellant was clearly denied his constitutional right of "Due Process"" of a fair and impartial court proceeding of the appeal process when the court of Appeals erred in their accepting and ruling on a clearly deficient brief and the Appellant asks the Honorable court to review and order an acquittal or a new trial. The Appellant has yet to submit a meaningful and complete brief.

## PRAYER FOR RELIEF

For the reasons stated above, the Appellant prays that a review be granted and the case be reversed and acquitted or remanded for a new trial.

Respectfully submitted

Christopher Ray Barten
TDCJ # 1576691
2664 Fm 2054
Tennessee Colony, TX.
75886
Pro se

Scanned Sep 18, 2013

Affirmed and Memorandum Opinion filed July 15, 2010.





In The

# Fourteenth Court of Appeals

NO. 14-09-00292-CR

CHRISTOPHER RAY BARTEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1111900

## MEMORANDUM OPINION

Appellant, Christopher Ray Barten, was convicted by a jury of sexual assault of a child. Finding true an enhancement paragraph alleging a prior sexual assault conviction, the trial court sentenced appellant to life in prison. In his sole issue, appellant contends that he received ineffective assistance of counsel because his trial attorney failed to make a timely objection to inadmissible opinion testimony. We affirm.

### BACKGROUND

On July 9, 2007, appellant was indicted for the felony offense of sexual assault of a child, age 14. The indictment also alleged a previous conviction for sexual assault of a

child for enhancement purposes. Appellant entered a plea of not guilty to the charged offense and a plea of not true to the enhancement allegation. At trial, the complainant described the assault. The complainant's brother, to whom the first outcry was made, also testified at trial. The brother testified that the complainant had confided in him regarding the sexual assault. When asked by the State, the brother told the jury that he believed the complainant's story about the assault. Only after did defense counsel object to the brother's statement as improper. The trial court overruled counsel's objection as untimely.

After hearing additional testimony from the two investigating officers and a clinical psychologist at the Children's Assessment Center, the jury convicted appellant of sexual assault of a child as charged in the indictment. The trial court found the indictment's enhancement allegation true, enhanced appellant's punishment, and sentenced him to life in prison. Appellant now challenges his conviction, claiming that he was denied effective assistance of counsel because trial counsel failed to make a timely objection to the opinion testimony of the complainant's brother.

## INEFFECTIVE ASSISTANCE

To prove ineffective assistance of counsel, appellant must demonstrate that: (1) his counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and we will sustain allegations of ineffectiveness only if they are firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We also indulge a strong presumption that counsel's actions were motivated by sound trial strategy, and we will not conclude that the action was deficient unless it was so outrageous that no competent attorney would have engaged in such

2

conduct. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We look to the totality of the representation and not to isolated instances of error or to only a portion of the proceedings. *Thompson*, 9 S.W.3d at 813; *Rivera-Reyes v. State*, 252 S.W.3d 781, 788–89 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In the absence of evidence regarding counsel's reasons for the challenged conduct, the record on direct appeal is simply undeveloped and cannot adequately reflect the alleged failings of trial counsel. *Freeman v. State*, 125 S.W.3d 505, 506–507 (Tex. Crim. App. 2003).

Here, appellant contends that his counsel's performance was deficient based on the untimely objection to the brother's opinion testimony validating the complainant's claim of sexual assault. But, because the record is completely silent regarding trial counsel's reasons for not asserting a quicker objection to the State's elicited testimony, we cannot speculate that counsel acted without reasonable trial strategy. *See Mata v. State*, 226 S.W.3d 425, 430–32 (Tex. Crim. App. 2007). Possibly, trial counsel could have not anticipated the elicited testimony or believed that in light of the preceding questions, the brother's response would have been favorable to the defense. At trial, the complainant's brother testified as follows:

**The State**: Did she [the complainant] tell lies about small things?

**Complainant's brother**: Yes.

**The State**: Like what?

**Complainant's brother**: Like not going to school, doing chores, little things like that.

**The State**: So she would tell lies to stay out of trouble?

**Complainant's brother**: Yes.

**The State**: Do you believe that your sister was sexually assaulted?

**Complainant's brother**: Yes.

**The State**: Pass the witness

3

**Defense Counsel**: Your Honor, I object to the question and the response. Improper.

**The Court**: It's an untimely objection.

Trial counsel reasonably may have not anticipated that the State would elicit testimony validating the truthfulness of the complainant's sexual assault allegations after the brother had acknowledged the complainant's history of lying. Furthermore, because the brother acknowledged the complainant's history of lying, trial counsel may have believed that the brother's response would have been favorable. Thus, we cannot determine whether the alleged failure was strategy or incompetency. Because the record is silent, appellant cannot overcome the strong presumption that counsel's performance was competent. *See Thompson*, 9 S.W.3d at 814 (reversing ineffective assistance finding because the record did not reveal why counsel failed to object to the State's attempts to elicit inadmissible hearsay). Appellant has not established the first *Strickland* prong that counsel's performance fell below an objective standard of reasonableness. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

4